JOHN E. SHADDUCK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shadduck v. Commissioner
Docket No. 10384-82.
United States Tax Court
T.C. Memo 1985-265; 1985 Tax Ct. Memo LEXIS 369; 50 T.C.M. (CCH) 23; T.C.M. (RIA) 85265; June 3, 1985. John E. Shadduck, pro se. Keith Johnson, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION *370 WILBUR, Judge: Respondent determined the following deficiency and additions to tax for petitioner's 1980 taxable year: Additions to tax under Sections
Deficiency
6651(a)(1)
6653(a)
6654 [1]
$16,041.51
$4,010.38
$802.08
$1,024
In an amendment to his answer respondent requested that we redetermine an additional deficiency of $503.65 and corresponding additions to tax under sections 6651(a)(1), 6653(a) and 6654 of $125.91, $25.18 and $31.26, respectively. After concessions, the issues for our determination are: (1) whether petitioner is relieved from income tax liability because of his "vow of poverty" and his association with the Life Science Church; and (2) whether petitioner is liable for additions to tax under sections 6651(a)(1), 6653(a) and 6654. FINDINGS OF FACT Some of the facts were orally stipulated at trial and are found accordingly. Those stipulations and accompanying exhibits are incorporated herein by this reference. Petitioner, John E. Shadduck, resided at 5716 Sam C Road, Brooksville, Florida *371 at the time of the filing of the instant petition. He failed to file a Federal income tax return for his 1980 taxable year. Petitioner received commissions of $37,201.13 from Investment Management and Research, Inc. for his services as an investment broker, life insurance agent and financial planner during 1980. He also received fees of $600 for trustee services as well as other commissions of $1732.68. Checks in payment for Mr. Shadduck's services were made payable to him personally. Petitioner received two form documents from the Life Science Church both dated January 22, 1980. One document states that the CHURCH OF GOOD SHEPHERD No. 12036 is a "duly organized chapter" of the Life Science Church and the other states that petitioner is ordained a minister of the Life Science Church. On May 16, 1980, petitioner signed a form document entitled "VOW OF POVERTY" in which Mr. Shadduck purports to irrevocably give all his possessions and income to the CHURCH OF GOOD SHEPHERD, Charter #12036 subject, however, to being voided if "civil government officialdom * * * block[s] the rightful tax-exempt status and maintenance of the Church * * *. [2]" *372 Also on May 16, 1980, petitioner executed three quitclaim deeds which purport to transfer his residence, 4 automobiles, and three horses to the CHURCH OF GOOD SHEPHERD. These documents have never been recorded. As of the date of trial, recorded title to petitioner's residence remained in the name of John Shadduck. During the taxable year at issue, petitioner and his wife maintained only one bank account which was in the name of the Church of Good Shepherd. The "church" paid for all personal living expenses of petitioner and his family including food, mortgage payments, real estate taxes, clothing, and all business related expenses. Petitioner filed income tax returns for his taxable years 1976, 1977, 1978 and 1979. He claimed total deductions for charitable contributions during those years of $139, $187, $174 and $390, respectively. In the notice of deficiency dated February 26, 1982, respondent determined that petitioner received unreported taxable income during 1980 and that he was liable for additions to tax under sections 6651(a)(1) for failure to file a return, 6653(a) for negligence or intentional disregard of rules and regulations, and 6654 for failure to pay estimated *373 tax. OPINION The parties have stipulated that petitioner received a total of $39,533.81 in payment for his services from various sources during 1980. The primary issue presented is whether such amounts are includable in Mr. Shadduck's gross income. The determinations made by respondent in the notice of deficiency are presumed to be correct and petitioner bears the burden of proving error in such determinations. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.[3]
Section 61(a) states the general rule that except as otherwise provided, "gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation *374 for services, including fees, commissions, and similar items * * *." It is petitioner's contention that the income he received during the taxable year in issue was not earned by him in his individual capacity but rather as an agent for the Church of Good Shepherd. He contends that because he was ordained a minister by the Life Science Church and executed a vow of poverty all income received by him properly belonged to the Church.[4] We have considered and rejected this argument in prior cases. Eg. Schuster v. Commissioner, 84 T.C.     (April 29, 1985); McGahen v. Commissioner,76 T.C. 468 (1981), affd. without published opinion 720 F.2d 664 (3d Cir. 1983). In McGahen v. Commissioner,supra at 478, we stated: A member of a religious order under a vow of poverty is not immune from Federal income tax by reason of his clerical status or his vow of poverty, but is subject to tax to the same extent as any other person on income earned or received in his individual capacity. Kelley v. Commissioner,62 T.C. 131 (1974); Rev. Rul. 77-290, 1977-2 C.B. 26. *375 It is clear from the facts before us that no agent-principal relationship could exist here because the Church of Good Shepherd was not a separate and distinct principal in that petitioner had unfettered ability to use for his own benefit all property and funds purportedly transferred to the "church". Stephenson v. Commissioner,79 T.C. 995, 1000 (1982), affd. 748 F.2d 331 (6th Cir. 1984). As we further stated in McGahen v. Commissioner,supra at 478-479: [W]hen a member of a religious order receives income on behalf of that order and, pursuant to a vow of poverty, turns it over to the order, it is the income of the order and not the member. Where, however, there is no agent-principal relationship, it is a basic rule of tax law that an assignment by a taxpayer of compensation for services to another person is ineffectual to relieve the taxpayer of Federal income tax liability on such compensation regardless of the motivation behind the assignment. Lucas v. Earl,281 U.S. 111 (1930). See also Helvering v. Horst,311 U.S. 112 (1940); Helvering v. Eubank,311 U.S. 122 (1940). *376 This is where [taxpayer's] argument collapses. The income received by him was not received on behalf of a separate and distinct principal, but was received by him in his individual capacity. Although he made a vow of poverty, the manner in which he handled his economic and financial affairs was the same as it was before he was ordained and chartered as a "church personally." He had no limitations on the use of his earnings.There was no accounting to assure the frugal and ascetic life of one who takes a vow of poverty of what was earned and how it was spent. * * * The facts before us are indistinguishable in all material respects from those in McGahen. Although no records of the checking account set up in the name of the Church of Good Shepherd were produced either during the audit or at trial, petitioner admitted that such account was used to pay all personal living expenses for himself and his family. [5] The trustees of the Church of Good Shepherd were petitioner, his wife and his son and church headquarters were located in petitioner's home. It is abundantly clear that the funds purportedly transferred to the alleged "church" never left petitioner's dominion and control. *377 Petitioner offered only vague testimony about the effect of the "vow of poverty" on his standard of living. We are unconvinced that Mr. Shadduck's standard of living declined in any way after his "vow of poverty" was executed. In fact, it is more likely that his standard of living rose since the amounts he failed to pay in Federal income tax were available for his consumption. As demonstrated by his having filed income tax returns for prior years and his occupation as a financial planner *378 and investment broker, Mr. Shadduck was well aware that he had a duty to file Federal income tax returns and to pay tax on his income. It is more than a little surprising that a person who earns his livelihood as a financial planner could expect to escape liability for income taxation and still enjoy unrestricted access to all his income by so simple a step as the creation of a "church." See Stephenson v. Commissioner,supra,79 T.C. at 1006. Respondent's determination is sustained. During the hearing in his case petitioner argued that if we find the income earned by him to be taxable to him despite his "vow of poverty", we should allow as deductions certain unspecified business expenses. Respondent computed petitioner's tax liability allowing only standard deductions because of Mr. Shadduck's refusal to produce records or cooperate in any way during the audit process. Such refusal continued up to the day of the trial until the Court indicated its intention to dismiss the case and enter a decision in respondent's favor. Mr. Shadduck had more than ample opportunity to substantiate any business deductions he may have incurred during 1980, but he chose not to *379 do so. The purpose of this proceeding is not, as petitioner claims to believe, to merely determine whether he is required to file a return. Rather, the purpose is to redetermine the amount of the deficiency determined by respondent. Petitioner has introduced no evidence concerning specific amounts of business expenses incurred during taxable year 1980. Expenses claimed on prior unaudited returns are not credible evidence of expenses incurred in the year before the Court. Therefore, petitioner has failed to meet his burden of proof. Rule 142(a), supra. His current predicament is of his own making. Respondent also determined additions to tax for the taxable year 1980 under sections 6651(a)(1), 6653(a) and 6654. Petitioner introduced no evidence on these items. Section 6651(a)(1) provides for an addition to tax for failure to file a timely return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Section 6653(a) provides for an addition to tax if any part of the underpayment of tax is due to negligence or intentional disregard of rules and regulations. We are unable to conceive of how petitioner could establish reasonable cause *380 or lack of negligence on the facts before us. As a matter of fact, we recently upheld respondent's determination of the addition to tax for fraud on similar facts. Stephenson v. Commissioner,supra,79 T.C. at 1005-1008. [6]
Finally, respondent determined that petitioner is liable for the addition to tax under section 6654 for failure to make timely estimated tax payments in 1980. The section 6654 addition is mandatory unless petitioner falls within one of the computational exceptions. Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980). None of the computational exceptions is applicable here. Therefore, respondent's determinations of the additions to tax as well as the additional amounts requested in the Amendment to Answer are sustained. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
2. This "VOW OF POVERTY" provides in part as follows: I, John Earl Shadduck of the City of Brooksville, County of Hernando, State of Florida, hereby make an irrevocable gift of all my possessions, real, personal and otherwise and all my income whatsoever, regardless of the form of the income, to the Church or Order herein named, thus divesting myself of all my possessions and income whatsoever to be used for Religious purposes to support the basic Biblical Law of the Church or Order hereinafter named. All such possessions and income, if any, hereinafter will be the property of the said Church or Order regardless of whether or not they continue to appear in my personal name. Outside employment remuneration (when directed by the Church or Order) is not personal income, but rather income/gift to the Church or Order and not of the individual or the undersigned. The Church or Order designated to receive said income and possessions is the CHURCH OF GOOD SHEPHERD, Chapter #12036. Therefore, I, John Earl Shadduck hereby take the Vow of Poverty. NOTE: While this initial gift and succeeding gifts herein provided for are irrevocable, thus complying with the irrevocable gift-tax exempt statutes, they will revert to the giver instead of continuing in perpetuity if civil government officialdom were to "void" this act against my express will and intent as by invalidating my right to continue as a member, minister or official of the Church or Order, or by impeding the power of the Church or Order designated to designate after death succession to religious hierarchy, or by blocking the rightful tax-exempt status and maintenance of the Church or Order, possessions in whatever way determined as in setting other religious Orders/Churches, anywhere else in this created world, or by interfering anyway with Universal Law rights and benefits as accorded Churches and religious orders and are the true right and privilege of any religious body under the Constitution of the United States and the 1st, 2nd, 4th, 5th, 6th, 7th, 9th, 10th, 13th and 14th Amendments↩ thereof as rightfully, along with the Declaration of Independence, accorded this Church or Order at the below date.
3. Although respondent has the burden of proof as to increases in the deficiency and additions to tax, Rule 142(a)↩, here the parties orally stipulated that the amounts upon which the additional deficiency and additions to tax were based were received by petitioner during the taxable year. Therefore, only the legal questions of whether all such amounts are includable in petitioner's gross income and the applicability of the additions to tax remain.
4. We note that the "vow of poverty" herein was not executed until May 16, 1980 and that, therefore, even if such document was sufficient to shift the incidence of taxation away from petitioner that it would not affect income earned before that date. Our resolution of this issue, however, makes such distinction unnecessary.↩
5. See also Jenny v. Commissioner,T.C. Memo, 1983-1. On this point we noted in McGahen v. Commissioner.76 T.C. 468 (1981), affd. without published opinion 720 F.2d 664 (3d Cir. 1983), that the taxpayer therein incorporated himself into a church in order to avoid the prohibition of section 262 against decreasing the income subject to tax by amounts paid for "personal, living, or family expenses" and stated that [Taxpayer] attempts to transmute the commercial into the ecclesiastical and thus avoid the congressional separation of taxable individual income and tax-exempt religious order income. This is not permitted. supra↩ at 480.
6. See also Merritt v. Commissioner,T.C. Memo. 1983-218↩.